IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DOCUFREEDOM INC.,**

    Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE,**

    Defendant.

Case No. 17-2706-DDC-TJJ

**MEMORANDUM AND ORDER**

This matter is before the court on United States Department of Justice's ("DOJ") submission of items for the court's in camera review. DOJ, the defendant in this action, submitted these items so the court could decide whether two Freedom of Information Act ("FOIA") exemptions apply.

### I.   Procedural History

Plaintiff DocuFreedom filed this lawsuit after defendant DOJ failed to respond to its FOIA requests within the statutory time limit. Doc. 9 (Am. Compl.). DocuFreedom requested that DOJ produce 119 items from the DOJ library and a series of emails. DOJ withheld 17 DOJ Library items and certain redactions to emails.

DOJ moved for summary judgment, arguing its withholdings were proper under several FOIA exemptions. Doc. 19. The court granted DOJ's Motion for Summary Judgment in part and denied it in part. Doc. 25. The court concluded that DOJ had fulfilled its duties under FOIA for certain items and redactions. But the court reserved its summary judgment ruling on several items because it could not conclude with reasonable certainty that FOIA exemptions applied without conducting an in camera review of the items at issue. And so, the court ordered DOJ to

produce Items 4, 6, 10, 37, 39, 49, and 50 for in camera review.[1] DOJ produced these items on September 30, 2019. After reviewing the Items at issue, the court concludes that DOJ properly withheld Items 4, 10, 39, 49, and 50. The court thus grants summary judgment for DOJ on those items.

## II. Legal Standard

FOIA was enacted "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). "FOIA provides the public 'a right of access, enforceable in court, to federal agency records, subject to nine specific exemptions.'" *Hull v. IRS*, 656 F.3d 1174, 1177 (10th Cir. 2011) (quoting *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 941 (10th Cir. 1990)); *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1225–26 (10th Cir. 2007) ("Notwithstanding FOIA's aspiration of governmental transparency, Congress recognized that disclosure of certain classes of documents could harm legitimate government interests."). Of FOIA's exemptions, two matter in this case:

> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency . . .;
>
> (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]

5 U.S.C. § 552(b).

Several principles guide the court's analysis in FOIA cases. First, the court must broadly construe FOIA in favor of disclosure. *Integrity Comm.*, 501 F.3d at 1226 (citation omitted). Second, the court must apply FOIA's exemptions narrowly. *Id.* (citation omitted). Third, FOIA directs government agencies to provide "[a]ny reasonably, segregable portion of a record . . . to

---

[1] DOJ provided a portion of Item 4 and Items 6 and 37 to DocuFreedom on September 6, 2019. Doc. 29 at 1. The court thus reviews only the unreleased portions of Item 4, and Items 10, 39, 49, and 50.

any person requesting such record after deletion of the portions which are exempt." *Id.* (quoting 5 U.S.C. § 552(b)).

### III. Analysis

#### A. Item 4

In its Motion for Summary Judgment, DOJ contended that Item 4 falls within one of FOIA's statutory exemptions to disclosure. *See* 5 U.S.C. § 552(b). DOJ asserted that each document comprising Item 4 falls within Exemption 5, which applies to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." *Id.* § 552(b)(5). To qualify as exempt under (b)(5), the documents must satisfy two conditions: (1) its source must be a government agency, and (2) it must fall "within the ambit of privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Raytheon Aircraft Co. v. U.S. Army Corps of Eng'rs*, 183 F. Supp. 2d 1280, 1287 (D. Kan. 2001) (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)). Since DocuFreedom didn't dispute that the documents at issue in Item 4 came from a government agency, the court's earlier Memorandum and Order considered whether, under the second requirement, the documents were protected by attorney work product privilege. *See* Doc. 25 at 17–18. So, the court ordered DOJ to produce Item 4 for in camera review because it could not conclude with reasonable certainty that Exemption 5 applied to all of Item 4. Doc. 25 at 17.

DOJ's Revised *Vaughn* index[2] describes Item 4 as an "[i]nternal DOJ webpage containing various documents drafted by DOJ attorneys, including briefing papers, practice

---

[2]   A *Vaughn* index looks like a privilege log commonly used in civil litigation. And it functions in much the same fashion. It lists each withheld (or partially withheld) document and explains why the agency withheld the information. *Kansas ex rel. Schmidt v. U.S. Dep't of Def.*, 320 F. Supp. 3d 1227, 1238 n.2 (D. Kan. 2018) (citing *Hull*, 656 F.3d at 1178 n.2).

3

guides, and commentaries on a variety of litigation issues." Doc. 29-1 at 2 (revised *Vaughn* index # 4). Item 4 has eight subparts. The court summarizes each subpart, below:

- Item 4.1 ("Touhy Regulations") is a "briefing paper . . . prepared as a handout for an internal training presentation given to criminal AUSAs to train them on strategies for responding to subpoenas or requests issues by defense counsel for the production of non-public DOJ documents in connection with criminal prosecutions." *Id.* (# 4.1).

- Item 4.2 ("Using Offers of Judgment to Help Settle a Case Motions Practice Seminar") is "training material . . . prepared for . . . the civil Motions Practice Seminar . . . [which] instructs civil AUSAs and other DOJ attorneys on how to utilize motions practice to advance the litigating position of the United States in civil lawsuits." *Id.* at 3 (# 4.2).

- Item 4.3 ("Using Offers of Judgment to Help Settle a Case") is a "briefing paper . . . prepared in the course of considering settlement in a particular lawsuit. The express purpose of this document was to inform attorneys of settlement strategy." *Id.* (# 4.3).

- Item 4.4 ("Dispositive Motion Strategy in Personal Liability Cases") is a "briefing paper . . . written to assist civil division attorneys with litigating specific cases for the federal government . . . [which] includes recommendations about key points that may assist in the defense of cases." *Id.* (# 4.4).

- Item 4.5 ("Attorney's Fees and Bivens") is a "briefing paper . . . written to assist DOJ attorneys with litigating pending or anticipated *Bivens* cases for the federal government . . . [which] includes analysis of argument and case law and makes recommendations on how to litigate the attorney's fee issue." *Id.* (# 4.5).

- Item 4.6 ("Reconsideration Motions and Appeal Times") is a "practice commentary . . . written by a Senior Trial Counsel analyzing the intersection of various rules of procedure to assist civil division attorneys with litigating constitutional torts cases for the federal government." *Id.* at 4 (# 4.6).

- Item 4.7 ("Bivens Briefing Paper re: Ziglar v. Abbasi") is a "briefing paper . . . analyz[ing] the Supreme Court's decision from the perspective of defense counsel and giv[ing] direction on how best to use the case in ongoing and anticipated litigation matters." *Id.* (# 4.7).

- Item 4.8 ("Border Searches and Seizures Counterterrorism Section National Security Division") is a "monograph . . . prepared by NSD attorneys to assist DOJ attorneys litigating pending or anticipated cases relating to border searches on behalf of the federal government." *Id.* (# 4.8).

DOJ asserts work product protection exempts all of these documents from disclosure and thus qualifies them for Exemption 5. Work product privilege turns on the document's function.

*Nat'l Ass'n of Criminal Def. Lawyers v. Dep't of Justice Exec. Office for U.S. Attorneys*, 844 F.3d 246, 255 (D.C. Cir. 2016) (hereinafter *NACDL*).  If a document serves no cognizable adversarial function, it generally does not qualify as work product.  *Id.*  The court finds that work product privilege applies all of the documents comprising Item 4 because each one serves an adversarial function.

Item 4.1 is a handout for an internal training presentation.  Training material may serve an adversarial function—and thus deserve work product protection—where it "addresse[s] how attorneys on one side of an adversarial dispute—federal prosecutors—should conduct litigation." *NACDL*, 844 F.3d at 255.  Item 4.1 provides guidance on procedures to follow when responding to subpoenas or requests for non-public DOJ documents in criminal prosecutions.  Likewise, Item 4.2 instructs federal prosecutors how to use Rule 69 offers of judgment to settle cases. Items 4.1 and 4.2 are exempt from disclosure under Exemption 5 because they address how prosecutors should conduct litigation.

Item 4.3 is a memorandum "explaining Rule 68 considerations prepared in relation to a particular case in litigation."  Doc. 29-1 at 3.  DOJ asserts that Item 4.3 was created for the purpose of helping DOJ lawyers evaluate a settlement in a particular lawsuit.  While Item 4.3 reveals no case strategy or case-specific legal analysis, it nonetheless is protected under the work-product doctrine because "'[a]ny part of [a document] prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is protected by the work product doctrine.'"  *Stein v. U.S. Dep't of Justice*, 134 F. Supp. 3d 457, 477 (D.D.C. 2015) (quoting *Tax Analysts v. IRS*, 117 F.3d 607, 620 (D.C. Cir. 1997)).  Item 4.3 is exempt from disclosure.

Items 4.4–4.7 are briefing papers and commentaries written to assist DOJ attorneys with specific kinds of cases or issues. Item 4.4 covers dispositive motion strategy in personal liability cases. Doc. 29-1 at 3. Item 4.5 analyzes attorneys' fees issues in *Bivens* actions and makes recommendations about litigating such motions. *Id.* Item 4.6 is a commentary about the timing of reconsideration motions and various rules of procedure. *Id.* at 4. And Item 4.7 analyzes the Supreme Court case *Ziglar v. Abbassi*. It addresses procedural and practical considerations for attorneys litigating an *Abassi* issue.

Even though these documents do not apply to specific cases, "'[e]xemption 5 extends to documents prepared in anticipation of foreseeable litigation . . . even if no specific claim is contemplated.'" *NACDL*, 844 F.3d at 253 (quoting *Schiller v. NLRB*, 964 F.2d 1205, 1208 (D.C. Cir. 1992), *abrogated on other grounds by Milner v. U.S. Dep't of Navy*, 562 U.S. 562 (2011)). Items 4.4–4.7 all were prepared in anticipation of litigation because they outline the legal strategies of attorneys who litigate on the government's behalf. *Stein*, 134 F. Supp. 3d at 479. These items fall within the scope of work product protection because they present guidance about "'recurring, parallel factual settings and identical legal and policy considerations.'" *Id.* (quoting *FTC v. Grolier Inc.*, 462 U.S. 19, 30 (1983) (Brennan, J., concurring in part and concurring in the judgment)). Disclosing these documents would benefit parties bringing claims against the United States because that outcome would provide the opposing party with "'the benefit of the agency's legal and factual research and reasoning, enabling [them] to litigate on wits borrowed from'" DOJ. *Id.* (quoting *Grolier*, 462 U.S. at 30). DOJ thus properly withheld Item 4 under Exemption 5.

### B. Item 10

Item 10 is titled "Expertise in the Civil Division." The revised *Vaughn* index describes this Item as a "DOJ intranet page identifying 500 different legal issues and statutes, along with Civil Division attorneys with expertise and experience in those areas; [it is] intended to facilitate discussion among DOJ attorneys and serve as a reference to DOJ attorneys." Doc. 29-1 at 4 (revised *Vaughn* index # 10). DOJ first invoked Exemption 5, but the court already has found that exemption 5 doesn't apply because Item 10 wasn't prepared in anticipation of litigation. Doc. 25 at 23. Alternatively, DOJ asked the court to permit it to redact the names and contact information of employees listed in the directory under Exemption 6. The court permitted DOJ to provide DocuFreedom a redacted copy. And the court now evaluates whether DOJ also must provide an unredacted version. For reasons explained below, the court concludes that DOJ properly redacted the names and phone numbers of government employees under Exemption 6.[3]

"Exemption 6 of FOIA excuses disclosure of 'personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.'" *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1232 (10th Cir. 2007) (quoting 5 U.S.C. § 552(b)(6)). "'Similar files' refers broadly to 'detailed government records on an individual which can be identified as applying to that individual.'" *Id.* (quoting *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982)); *see also Forest Guardians v. FEMA*, 410 F.3d 1214, 1217 (10th Cir. 2005) (holding that Exemption 6 has a "broad, rather than narrow, meaning and encompasses all information that applies to a particular individual.")

---

[3] The court's earlier Memorandum and Order provided that, "[i]f, after review, DocuFreedom does not explicitly disclaim a challenge to these redactions, the court will address the propriety of DOJ's redactions when it addresses the remaining disputed claims." Doc. 25 at 24. DocuFreedom hasn't disclaimed a challenge to DOJ's redactions, so the court addresses those redactions in this Memorandum and Order.

(internal quotations and citation omitted). But the release of a list of names and other identifying information does not always constitute a "clearly unwarranted invasion of personal privacy." *Brown v. Perez*, 835 F.3d 1223, 1235 (10th Cir. 2016).

Exemption 6 "requires an agency to balance an individual's right to privacy against the public's interest in disclosure." *Al-Turki v. DOJ*, 175 F. Supp. 3d 1153, 1177 (D. Colo. 2016). "The only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *Id.* (internal quotations, citations, and alterations omitted); *see also Integrity Comm.*, 501 F.3d at 1234 (holding that agency properly withheld names of law enforcement personnel accused of misconduct under Exemption 6 because disclosing the employee names would shed little light on operation of the government).

Item 10 is a directory of employees listing their specific area of expertise and work phone number. DOJ expresses concern that "release of information which details the expertise of Civil Division employees could lead to possible harassment." Doc. 20-3 at 4 (*Vaughn* index # 10). And, DOJ wants to maintain the privacy of individuals who are representing the government in "cases of divided public opinion and heightened interest." Doc. 20-2 (Allen Decl. at 7 (¶ 31)). This kind of public exposure falls short of a "clearly unwarranted invasion of personal privacy." *Integrity Comm.*, 501 F.3d at 1232. The document is merely a list of names, area of expertise, and phone numbers. But, Exemption 6 "broadly exempts disclosure of all information that 'applies to a particular individual.'" *Schoenman v. FBI*, 575 F. Supp. 2d 136, 159 (D.D.C. 2008) (quoting *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982)). And public access to names and phone numbers of these employees wouldn't "contribut[e] significantly to

public understanding of operations or activities of the government." *Al-Turki*, 175 F. Supp. 3d at 1177 (internal quotations, citations, and alterations omitted). The court thus finds that DOJ properly redacted the names and phone numbers of government employees in Item 10 under Exemption 6.

### C. Items 39, 49, and 50

DOJ invokes Exemption 5 for Items 38, 49, and 50. The court already has determined that the attorney work product privilege likely applies to Items 39, 49, and 50 because they serve an adversarial purpose. Doc. 25 at 22. Item 39 is a 369-page training manual on trial advocacy. *Id.* It has chapters covering various stages of litigation from trial preparation to closing arguments. Similarly, Item 50 is a 634-page manual covering criminal advocacy training. And Item 49 is a manual focused on providing guidance to federal prosecutors to fulfill their criminal discovery obligations.

The court reserved its summary judgment ruling on these items because "[i]n cases involving voluminous or lengthy work-product records . . . it [is] generally preferable for courts to make at least a preliminary assessment of the feasibility of segregating nonexempt material." *NACDL*, 844 F.3d at 256–57. Material is more likely to be segregable in long documents with "'logically divisible sections.'" *Id.* (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 n.54 (D.C. Cir. 1977)).

After reviewing them, the court finds that no portion of Items 39, 49, or 50 is segregable. Item 39 is a manual covering stages of litigation from grand jury proceedings to sentencing. Each chapter serves an adversarial purpose because it instructs federal prosecutors how to conduct each phase of litigation. Likewise, Item 50 is a more recent training manual with chapters covering similar topics. Item 49 is a manual about criminal discovery obligations for

9

federal prosecutors. Each chapter is about a different aspect of prosecutors' federal criminal discovery obligations. In sum, no part of Items 39, 49, or 50 is segregable because all sections serve an adversarial purpose. DOJ properly withheld these items under Exemption 5.

## IV. Conclusion

DOJ properly withheld Items 4, 10, 39, and 49–50 under FOIA Exemptions 5 and 6. The court thus grants summary judgment for DOJ on these Items.

**IT IS THEREFORE ORDERED BY THE COURT THAT** DOJ's Motion for Summary Judgment is granted on Items 4, 10, 39, 49, and 50.

**IT IS FURTHER ORDERED THAT** the parties must inform the court whether the court has resolved all claims in the case, and, if not, to propose a form of judgment to enter as part of closing the case. The court directs the parties to contact Courtroom Deputy Megan Garrett at KSD_Crabtree_Chambers@ksd.uscourts.gov by December 20, 2019.

**IT IS SO ORDERED.**

**Dated this 6th day of December, 2019, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**